UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNIE DIAS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,[1]<br>Commissioner of the Social Security<br>Administration,<br><br>    Defendant. | Civil Action No. 18-cv-10280-ADB |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

On February 13, 2018, Annie Dias ("Dias") filed an appeal of the final decision by the Acting Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits. [ECF No. 1]. Dias claims that she has mental disabilities, including generalized anxiety disorder and major depressive disorder, and physical disabilities, from a stroke, degenerative disc disease, and carpal tunnel. [ECF No. 19 at 3]. Dias challenges the Commissioner's denial of benefits on five grounds: (1) that the Appeals Council ("Council") failed to recognize her anxiety disorder as a severe impairment; (2) that the administrative law judge ("ALJ") and Council decisions failed to consider more recent post-stroke records; and (3) that the ALJ and Council failed to address a portion of a 2016 report from the State agency consultant, Dr. Vladimir Yufit ("2016 Yufit Report"), which supported her argument for a reduced residual functional capacity. [Id. at 4–13].

---

[1] Though the original complaint was filed against Nancy A. Berryhill, Andrew Saul became the Social Security Administration's Acting Commissioner in June 2019. He has thus been substituted as the defendant under Fed. R. Civ. P. 25(d).

On September 3, 2019, Magistrate Judge Cabell filed a Report and Recommendation ("R&R"), in which he (1) found no basis to conclude that the Council's decision erred in failing to list plaintiff's anxiety as a severe impairment and, in the alternative, found that any error was harmless; (2) determined that the ALJ and Council did have access to the post-stroke records, as both decisions summarize or reference them; and (3) found that the ALJ had failed to indicate the weight given to certain opinions by Dr. Yufit that would have supported Dias' argument. [ECF No. 28 at 17–24]. He therefore recommended that the Court grant Dias' motion for an order reversing the Commissioner, deny the Commissioner's motion to affirm, and remand the case for further proceedings on Dias' third argument. [Id. at 29].

On September 12, 2019, the Commissioner filed an objection to Magistrate Judge Cabell's conclusion that the ALJ and Council did not specifically state whether they credited some functional limitations contained in the 2016 Yufit Report. [ECF No. 30]. According to the Commissioner, because the ALJ actually discussed some of the limitations in question, it should be inferred that she reviewed the 2016 Yufit Report. [Id. at 1]. Dias responded on September 19, 2019. [ECF No. 31].

The Court presumes familiarity with the evidence and will not summarize it anew here. The Court is required to make a *de novo* determination as to those portions of the R&R that the Commissioner objects to and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3). The Court adopts the R&R to the extent that neither party has objected to it, and, following *de novo* review, accepts the conclusions to which the Commissioner objects for the reasons explained below.

**I. DISCUSSION**

### A. It would not be "useless formality" to remand for a discussion of the unaddressed portions of the 2016 report.

The Commissioner first argues that, given the compelling evidence that Dias was not disabled, the Court should not remand in order to address the portions of the 2016 Yufit Report that would seem to support Dias' claim of disability. [ECF No. 30 at 2–6]. According to the Commissioner, even if the ALJ failed to consider the relevant portions of the report, the report is not significantly more favorable to Dias than the portions that were discussed. [Id. at 3].

The R&R takes issue with the ALJ's decision for two reasons. First, the ALJ and Council failed to discuss a portion of the 2016 Yufit Report that supported Dias' claim of disability. [ECF No. 28 at 22–27]. Specifically, Dr. Yufit determined:

> [Dias] can sit no more than 20 minutes, stand no longer than 20 minutes, and can walk no longer than 20 minutes at a time. She can totally sit during the eight hour day about two hours. She can stand about two hours and she can walk about two hours over the eight hour day. Intermittently she can sit, stand and walk six hours . . . . She has difficulty with some limitation with reaching overhead, especially with the right hand, with handling objects, fingering, feeling, pushing and pulling with both hands. . . . [S]he can climb stairs and ramps occasionally [but] not [] ladders and scaffolds. She has some problem with balance. She cannot stop . . . . She cannot work on unprotected heights and cannot work with moving machinery parts. . . . She occasionally can operate a motor vehicle. She drives but she takes painkillers. She has a problem working with humidity and wetness, cannot work with dust, odors, fumes. . . . She cannot work in extreme cold, extreme heat, or vibration. She cannot tolerate noise. She can work in a quiet environment.

[Id. at 25]. The ALJ also did not present the vocational expert with a hypothetical that corresponded with the limitations put forth in the 2016 Yufit Report. [Id. at 27]. Second, the R&R notes that the ALJ failed to assign weight to certain supportive testimony from Dr. Sokol, who conducted a psychodiagnostics interview and subsequent assessments between 2014 and 2016. [Id. at 6, 27–28].

The Commissioner is correct that "an [ALJ] is not required to address specifically every piece of medical evidence that accords with or is inconsistent with his or her conclusions."

3

Tassel v. Astrue, 882 F. Supp. 2d 143, 148 (D. Me. 2012). For example, the ALJ appropriately explained the determination not to give controlling weight to the opinions of Dias' treating physician, because the opinions that supported Dias' claim of disability were "contradictory to [the treating physician's own] treating records from 2010–2016." [ECF No. 16-2 at 27]. Specifically, Dias' treating physician determined that Dias could not perform sedentary work, despite normal or mostly normal physical examinations during the relevant period. [Id.].

"Findings of fact made by State agency medical and psychological consultants . . . must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review." SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Therefore, "[ALJs] and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions." Id.

The ALJ in this case discussed certain findings from the record that supported a determination that Dias was not disabled, see [ECF No. 16-2 at 26–27], but did not explain why those findings were not afforded greater weight in the Step 4 determination. [Id.]. This included the 2016 Yufit Report, as well as portions of Dr. Sokol's report that would have supported Dias' claim of disability. "Failing to address such evidence makes it 'impossible [for a court] to determine whether [the ALJ] merely discredited that assessment or, in fact, overlooked that piece of [] evidence most supportive of [the claimant's] claim.'" Ross v. Astrue, No. 09-cv-11392, 2011 WL 2110217, at *8 (D. Mass. 2011) (quoting Nguyen v. Callahan, 997 F. Supp. 179, 182 (D. Mass. 1998)) (alterations in original). In such a case, the Court must remand for further consideration. Nguyen, 997 F. Supp. at 183.

> **B.** **The Court cannot infer that Dr. Yufit's report was a record of Dias' own subjective descriptions of her alleged disability.**

4

The Commissioner next argues that the unaddressed portions of the 2016 report were not meant to be understood as clinical findings. [ECF No. 30 at 6–7]. Specifically, Dr. Yufit recorded Dias' limitations in the "Employment History" section of the 2016 Report and prefaced the list of limitations with the phrase "She told me that . . . ." [Id. at 6]. "[T]reatment notes that merely repeat a claimant's subjective complaints are not medical opinions at all because the notes are not 'statements . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, and what you can still do despite impairment(s), and your physical or mental restrictions.'" Gobis v. Colvin, No. 15-cv-269, 2016 WL 3176635, at *3 (D.N.H. June 7, 2016) (quoting Hesson v. Colvin, No. 2:15-cv-106, 2015 WL 7259747, at *4 (D. Me. Sept. 29, 2015)) (emphasis in original). The Magistrate Judge considered these arguments and found that, though "[t]he Commissioner's argument is not patently unreasonable," it required "the court to take an inferential step it is not willing to take." [ECF No. 28 at 26].

The Court agrees with Magistrate Judge Cabell. If the relevant portions of the 2016 report are in fact merely Dr. Yufit's recitations of Dias' reports of her alleged disability, then they should not be given weight as medical opinion. Even if they were medical opinions that were based on Dias' subjective descriptions of her alleged disability, they would be entitled to less weight than an opinion based on Dr. Yufit's own assessment. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). Based on the administrative record in this case, however, the Court is unable to determine whether Dr. Yufit's record of Dias' limitations reflects independent determinations of Dias' alleged disability.

    **C.**    **The Court cannot infer from the record that the ALJ reviewed portions of the 2016 report and gave them little weight.**

Finally, the Commissioner argues that "further discussion would serve no purpose" because substantial evidence supports the ALJ's determination that Dias is not disabled. [ECF No. 30 at 7–12]. This argument is essentially a recasting of the Commissioner's first argument, considered supra. Here, the Commissioner relies on Weng v. Holder, 593 F.3d 66 (1st Cir. 2010), in which the First Circuit determined that it could infer from the record that an Immigration Judge discredited the value of certain documentary evidence because the evidence "did not add new facts but merely supported [the petitioner's] testimony," which the Immigration Judge had already rejected. 593 F.3d at 73. In this case, however, the Court agrees with the magistrate Judge that the relevant undiscussed portions of the 2016 report add new limitations that were not presented to the vocational expert. [ECF No. 28 at 27].

The Commissioner also relies on Sullivan v. Colvin, No. 13-cv-12907, 2015 WL 1308695 (D. Mass. March 24, 2015), in which the court explained that it was "possible to discern" that the ALJ disregarded evidence from the petitioner's treating physician where the physician's findings conflicted with evidence from the state consultant that supported the ALJ's determination. 2015 WL 1308695 at *11. Although the opinion in Sullivan frames the inquiry in terms of whether the evidence was "disregarded," it was actually determining the appropriate weight to be given to such evidence, in response to the petitioner's argument that the ALJ had to give the opinion of a treating physician greater weight than that of a consulting physician. Id. "[I]t is well settled that even the opinions of treating physicians are not entitled to greater weight merely because they are treating physicians." Id. (citing Rodriguez Pagan, 819 F. 2d at 3). As discussed above, the issue before the Court is not whether the ALJ's weighing of the 2016 report was appropriate. Rather, the Court is unable to determine how the ALJ weighed the relevant evidence, as it is not addressed in the determination, despite it supporting Dias' claim.

Finally, Dias' arguments are distinguishable from those addressed in Mendez v. Berryhill, No. 17-cv-10069, 2018 WL 3029048 (D. Mass. June 18, 2018). Unlike in this case, the ALJ in Mendez adopted portions of the examiner's opinion which supported the petitioner's claim of disability. Id. at *12. It was therefore evident that the ALJ had reviewed those determinations and given them at least some weight. Id. Further, the ALJ in that case gave the state psychological consultant's opinion, which itself relied on the examiner's opinion, "great weight." Id. In this case, the ALJ's discussion of the 2016 Yufit Report only addressed Dr. Yufit's findings that supported a determination that Dias was not disabled, including that Dias "had a mostly normal physical examination, including a normal gait and station" with a "normal range of motion" and that she had no residual effects from her stroke. [ECF No. 16-2 at 26–27]. The ALJ failed to discuss those portions of the Yufit testimony that supported Dias' claim. Unlike the courts in the cases cited by the Commissioner, the Court can make no determination concerning whether the ALJ's weighing of that evidence was appropriate.

## II. CONCLUSION

Accordingly, Magistrate Judge Cabell's Report and Recommendation is adopted to the extent it was not objected to. Nothing in the foregoing opinion should be interpreted as an evaluation of the merits of Dias' substantive claim of disability. It is entirely possible that, on remand, the ALJ and Council will once again determine that she has failed to demonstrate that she is entitled to disability benefits. Still, at this stage in the proceeding, because the ALJ did not address certain portions of evidence that support Dias' claim for disability, the Court cannot determine whether the ALJ appropriately weighed and considered that evidence. The Court GRANTS Lopez's motion for an order reversing the Commissioner, DENIES the Commissioner's motion to affirm, and REMANDS the case to the Commission pursuant to 42

7

U.S.C. § 405(g) for further finding and/or proceedings consistent with Magistrate Judge Cabell's recommendations.

**SO ORDERED.**

September 25, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE